**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **OLIVER JAMES STRAHL**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CONSUMER SAFETY TECHNOLOGY, LLC d/b/a INTOXALOCK**, <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT – CLASS ACTION** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Oliver James Strahl ("Plaintiff"), on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Consumer Safety Technology, LLC d/b/a Intoxalock ("Defendant"). Plaintiff alleges the following upon information and belief based on and the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## INTRODUCTION

1.     Plaintiff and the proposed Class Members bring this class action lawsuit on behalf of all persons impacted by a cyberattack on Defendant IT Network (the "Incident").

2.     Plaintiff's claims arise from Defendant's failure to properly secure its IT Network and failure to implement reasonable cybersecurity measures—such as encryption, multi-factor authentication, or timely software patches—which allowed unauthorized third parties to cause service disruptions to Plaintiff and Class Members.

3.     Defendant is a provider of ignition interlock devices ("IIDs") or car breathalyzers, helping individuals with DUI/OWI convictions resume driving safely.[1] Defendant's devices

---

[1] https://www.intoxalock.com/about#:~:text=About%20Intoxalock,used%20in%20all%2050%20states. (last visited March 22, 2026).

measure breath alcohol concentration ("BrAC") and prevent cars from starting if a driver has been drinking, meeting state requirements in 46 states with over 100,000 users.[2]

4.      On March 14, 2026, Defendant experienced an Incident.[3] As a result of the Incident, installations, calibrations, account access, and other court-ordered services of Defendant were disrupted.[4] This has resulted in many customers, including Plaintiff and Class Members, from being able to provide a negative alcohol breath sample in order start their vehicles.[5]

5.      Defendant failed to take precautions designed to keep its IT Network secure from unauthorized intrusion.

6.      Defendant owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep its IT Network safe and secure from unauthorized access. Defendant solicited, collected, used, and derived a benefit from having Plaintiff and Class Members as customers, yet breached its duty by failing to implement or maintain adequate security practices.

7.      Defendant admits that its IT Network was accessed by unauthorized individuals, though it provided little information regarding how the Incident occurred.

8.      Defendant failed to use reasonable security procedures and practice appropriate to protect Plaintiff and Class Members, resulting in harm to Plaintiff's and Class Members'.

9.      As a result of Defendant's inadequate digital security procedures, Plaintiff's and Class Members' have suffered and will continue to suffer injuries including: loss of property, use of their vehicles, and lost wages.

10.     Plaintiff brings this action on behalf of all persons impacted as a result of Defendant's failure to: (i) adequately protect its IT Network from unauthorized access; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely

---

[2] *Id.*
[3] https://techcrunch.com/2026/03/20/cyberattack-on-vehicle-breathalyzer-company-leaves-drivers-stranded-across-the-us/ (last visited March 22, 2026).
[4] https://cybernews.com/news/intoxalock-hack-breathalyzer-devices-cars-wont-start-us/ (last visited March 22, 2026).
[5] *Id.*

notify Plaintiff and Class Members of the Incident. Defendant's conduct amounts to at least negligence and violates federal and state statutes.

11.     Plaintiff brings this action individually and on behalf of a Nationwide Class of similarly situated individuals against Defendant for: negligence; negligence *per se*; unjust enrichment, and breach of implied contract.

## PARTIES

### *Plaintiff*

12.     Plaintiff Oliver James Strahl is a citizen and resident of Fort Ripley, Minnesota.

13.     Plaintiff is a customer of Defendant, and a victim of the Incident.

14.     Plaintiff would not have purchased Defendant's product had he known that Defendant maintained inadequate security procedures to protect its IT Network from unauthorized access, and could not ensure its product's consistent functionality.

15.     As a result of the Incident, Plaintiff was unable to utilize Defendant's product, rendering his vehicle inoperable.

### *Defendant*

16.     Defendant is a limited liability company maintaining its principal place of business at 11035 Aurora Ave, Urbandale, Iowa, 50322. Defendant's registered agent is Corporation Service Company located at 505 5th Ave, Suite 729, Des Moines, Iowa, 50309.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action under 28 U.S.C.§ 1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from Defendant, namely Plaintiff.

18.     This Court has personal jurisdiction over Defendant because its principal place of business is in this District, it regularly conducts business in this District, and the acts and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

19.    Venue is proper under 18 U.S.C § 1391(b)(1) because Defendant's principal place of business is in this District

## FACTUAL ALLEGATIONS

### Background on Defendant

20.    Defendant is a provider of IIDs or car breathalyzers, helping individuals with DUI/OWI convictions resume driving safely.[6]

21.    Plaintiff and Class Members are current customers of Defendant.

22.    As a condition of obtaining services with Defendant, Plaintiff and Class Members were required to provide Defendant with their sensitive and confidential personal information and pay for services.

23.    Upon information and belief, Defendant made promises and representations to individuals', including Plaintiff and Class Members, that it maintained adequate security processes and procedures to guard its IT Network from unauthorized access.

24.    Plaintiff and Class Members utilized Defendant's services with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to secure its IT Network from unauthorized access and ensure uninterrupted use of its products.

### The Incident

25.     On March 14, 2026, Defendant experienced an Incident.[7] As a result of the Incident, installations, calibrations, account access, and other court-ordered services of Defendant were disrupted.[8] This has resulted in many customers, including Plaintiff and Class Members, from being able to provide a negative alcohol breath sample in order start their vehicles.[9]

26.    Defendant failed to take precautions designed to keep its IT Network secure.

27.    While Defendant sought to minimize the damage caused by the Incident, it cannot

---

[6] https://www.intoxalock.com/about#:~:text=About%20Intoxalock,used%20in%20all%2050%20states. (last visited March 22, 2026).

[7] https://techcrunch.com/2026/03/20/cyberattack-on-vehicle-breathalyzer-company-leaves-drivers-stranded-across-the-us/ (last visited March 22, 2026).

[8] https://cybernews.com/news/intoxalock-hack-breathalyzer-devices-cars-wont-start-us/ (last visited March 22, 2026).

[9] *Id.*

and has not denied that there was unauthorized access to its IT Network that resulted in Plaintiff and Class Members inability to

28. Defendant admits that an unauthorized third party accessed its IT Network. Defendant failed to take adequate measures to protect its computer systems against unauthorized access.

29. Despite its own knowledge of the inherent risks of cyberattacks, , Defendant failed to disclose that its systems and security practices were inadequate.

**The Harm Caused by the Incident**

30. As a result of the Incident, Plaintiff and Class Members vehicles became inoperable, creating substantial harm to Plaintiff and Class Members.

31. When a vehicle becomes inoperable, drivers are often left stranded without warning, sometimes in hazardous conditions such as extreme weather, or unsafe neighborhoods. This sudden loss of vehicle function compromises driver and passenger safety, increases the risk of accidents or injuries, and necessitates emergency measures such as towing or roadside assistance. The inoperability is not a minor inconvenience but a critical failure that renders the vehicle under to start.

32. Beyond the safety risks, vehicle inoperability poses financial burdens on affected consumers, such as Plaintiff and Class Members. Plaintiff and Class Members incurred the loss of use of their vehicles (a form of personal property), and may incur out-of-pocket costs for towing, rental vehicles, and alternative transportation. Moreover, Plaintiff and Class Members may continue to make loan or lease payments, insurance payments, and registration fees on vehicles that cannot be driven, compounding their economic losses. These expenses were not bargained for at the time Plaintiff and Class Members obtained Defendant's product.

33. Moreover, the Incident has resulted in lost wages for Plaintiff and Class Members, who rely on their vehicles as a mode of transportation to work. Plaintiff and Class Members may also be required to take unpaid leave or exhaust limited paid time off, further diminishing their overall compensation and financial security.

34.     Accordingly, Plaintiff and Class Members have suffered and will continue to suffer ascertainable economic damages in the form of lost wages, lost earning capacity, and related employment benefits. These damages are directly attributable to the Incident and were reasonably foreseeable given the essential role that a functioning vehicle plays in maintaining employment.

## CLASS ALLEGATIONS

35.     Plaintiff brings this class action, individually and on behalf of the following Nationwide Class:

All persons in the United States who were impacted by Defendant's Incident (the "Class").

36.     Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

37.     Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

38.     This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

39.     Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiff estimates that the Class is comprised of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

40.     Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, could not properly use Defendant's product as a result of the Incident. Plaintiff is a member of the Class, and his claims are typical of the claims of the

members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

41.     Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

42.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

43.     Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

a.  Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the Incident;

b.  Whether Defendant's data security systems prior to and during the Incident complied with applicable data security laws and regulations;

c.  Whether Defendant's conduct was negligent;

d.  Whether Defendant was unjustly enriched; and

e.  The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

44.     Information concerning Defendant's policies is available from Defendant's records.

45.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

46.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

47.    Given that Defendant had not indicated any changes to its conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

**CAUSES OF ACTION**
**COUNT I**
**NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

48.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 47, as though fully set forth herein.

49.    Plaintiff brings this claim individually and on behalf of the Class Members.

50.    Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' personal information and accepted payments for its product, and had a duty to exercise reasonable care in safeguarding, securing, and protecting its IT Network from unauthorized parties.

51.    Defendant had a duty to have procedures in place to detect and prevent the disruption of its products for Plaintiff's and Class Members'.

52.    Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, were adequately protected from unauthorized access.

53.     Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and its customers. Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members.

54.     Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to secure its IT Network and systems.

55.     Defendant breached these duties by failing to exercise reasonable care in safeguarding to prevent the Incident.

56.     The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a.  Failing to adopt, implement, and maintain adequate security measures to safeguard against unauthorized access to its IT Network;

b.  Failing to adequately monitor the security of its networks and systems; and

c.  Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

57.     Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding its IT Network and systems.

58.     Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent unauthorized access to its IT Network and systems.

59.     It was foreseeable that Defendant's failure to use reasonable measures to safeguard its IT Network and systems would result in injury to Plaintiff and Class Members. Further, the Incident was reasonably foreseeable given the known high frequency of cyberattacks.

60.    It was foreseeable that Defendant's breach of its duties would result in injuries to Plaintiff and Class Members.

61.    Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' harm.

62.    But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their vehicles would not have been rendered inoperable.

63.    As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members have and will continue to suffer ascertainable economic damages in the form of lost wages, lost earning capacity, and related employment benefits, and costs associated with having to secure alternative means of transportation. These damages are directly attributable to Defendant's conduct and were reasonably foreseeable

**COUNT II**
**Breach of Contract**
**(On Behalf of Plaintiff and the Class)**

64.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 47 as though fully set forth herein.

65.    Plaintiff and Class Members, upon information and belief, entered into express contracts with Defendant that included Defendant's promise to provide a fully functioning product and adequate security processes and procedures, in exchange for payment.

66.    Plaintiff and Class Members performed their obligations under the contracts when they provided payment to Defendant in exchange for Defendant's product.

67.    Defendant breached its contractual obligations to Plaintiff and Class Members when the Incident occurred, rendering Defendant's product inoperable.

68.    As a direct and proximate result of Defendant's above-described breach of contract, Plaintiff and Class Members have and will continue to suffer ascertainable economic damages in the form of lost wages, lost earning capacity, and related employment benefits, and costs associated with having to secure alternative means of transportation. These damages are directly attributable to Defendant's conduct and were reasonably foreseeable

## COUNT III
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

69.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 47 as though fully set forth herein.

70.     This count is pled in the alternative to Count II, Breach of Contract, above.

71.     Plaintiff and Class Members conferred a benefit upon Defendant by purchasing Defendant's product.

72.     Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff. Defendant also benefited from the receipt of Plaintiff's and Class Members' payments.

73.     Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the Class Members' payments because Defendant failed to adequately maintain proper security processes and procedures to prevent functionality disruptions of its product. Plaintiff and the proposed Class would not have purchased Defendant's product had they known that Defendant did not adequately protect its IT Network and systems, and thus, could not ensure its products consistent functionality.

74.     Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it because of its misconduct and the Incident it caused.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and his counsel as Class Counsel;

(b)     For an order declaring that Defendant's conduct violates the laws referenced herein;

(c)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

11

(d)   For damages in amounts to be determined by the Court and/or jury;

(e)   For an award of statutory damages or penalties to the extent available;

(f)   For pre-judgment interest on all amounts awarded;

(g)   For an order of restitution and all other forms of monetary relief; and

(h)   Such other and further relief as the Court deems necessary and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: March 24, 2026

/s/ *Brian O. Marty*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
**SHINDLER ANDERSON GOPLERUD &
WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Tel: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
Email: marty@sagwlaw.com

Linda P. Nussbaum*
**NUSSBAUM LAW GROUP, P.C.**
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
Tel: (917) 438-9189
Email: Lnussbaum@nussbaumpc.com

Brent S. Schafer
**SCHAFER LAW FIRM, P.A.**
8646 Eagle Creek Circle, Suite 212
Savage, MN 55378
Tel: (651) 209-1919
Email: bschafer@schaferlawfirm.com

*Attorney for Plaintiff and
The Proposed Class*

*pro hac vice* forthcoming